[Cite as *Balsley v. Ward*, 2013-Ohio-4618.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | | |
|---|---|---|---|
| CHRISTOPHER M. BALSLEY | : | JUDGES: | |
| | : | | |
| | : | Hon. William B. Hoffman | |
| Plaintiff - Appellant | : | Hon. Patricia A. Delaney | |
| | : | Hon. Craig R. Baldwin | |
| | : | | |
| -vs- | : | | |
| | : | | |
| YVONNE E. WARD | : | Case No. CT2013-0025 | |
| | : | | |
| | : | | |
| Defendant - Appellee | : | O P I N I O N | |

CHARACTER OF PROCEEDING:    Appeal from the Muskingum County
Court of Common Pleas, Domestic
Relations Division, Case No.
JV098400028

JUDGMENT:    Affirmed

DATE OF JUDGMENT:    October 16, 2013

APPEARANCES:

For Plaintiff-Appellant    For Defendant-Appellee

CHRISTOPHER BALSLEY, PRO SE    BRIAN W. BENBOW
2476 Michael Drive    Benbow Law Offices
Zanesville, OH 43701    605 Market St.
Zanesville, OH 43701

*Baldwin, J.*

{¶1}     Plaintiff-appellant Christopher Balsley appeals from the May 16, 2013 Judgment Entry of the Muskingum County Court of Common Pleas, Domestic Relations Division.

STATEMENT OF THE FACTS AND CASE

{¶2}     Appellant and appellee Yvonne Ward are the parents of Taelee (DOB 9/19/98). Appellee was designated the child's residential parent and legal custodian and appellant was granted parenting time.

{¶3}     On November 14, 2012, appellant filed a Verified Motion for Contempt against appellee.  Appellant, in his four-branch motion, alleged that appellee had violated the trial court's parenting time order.  Appellee, on January 25, 2013, filed a Motion to Dismiss appellant's motion for failure to state a claim upon which relief could be granted.  Pursuant to a Magistrate's Decision filed on February 26, 2013, the Magistrate recommended that two of the branches be dismissed for failure to state a claim upon which relief can be granted and that a hearing be scheduled on the third branch of appellant's motion.  Appellant, in such branch, had alleged that appellee had violated the trial court's parenting time order by sending him information through the child rather than communicating with him directly about a Washington, DC school trip. The Magistrate further noted that appellant had dismissed the fourth branch of his motion.  As memorialized in a Judgment Entry filed on February 26, 2013, the trial court approved and adopted the Magistrate's Decision. Appellant did not file objections to such Decision.

{¶4} On March 7, 2013, appellant filed a motion for discovery. Appellee, on March 22, 2013, filed a list of witnesses that she intended to call at the contempt hearing. Thereafter, on March 25, 2013, appellant filed a motion for a continuance of the March 29, 2013 contempt hearing due to the trial court's failure to rule on his motion for discovery.

{¶5} The Magistrate, in a Decision filed on May 1, 2013, recommended that appellant's motion for contempt be dismissed. The Magistrate found that the evidence demonstrated that appellant had learned from the parties' child that she did not want to go on the trip to Washington, DC and that the child was not carrying any message from appellee to appellant. The Magistrate found that appellant had failed to show by clear and convincing evidence that appellee had violated the trial court's order by using the child as a conduit to send a communication from her to appellant.

{¶6} Appellant, on May 13, 2013, filed objections to the Magistrate's Decision. Appellant, in his objections, argued that "[h]ad the court ruled on the Plaintiff Motion [for discovery] the misunderstanding wouldn't have taken place. The appropriate people would have been present and the outcome would have been different." Pursuant to a Judgment Entry filed on May 16, 2013, the trial court overruled the objections and approved and adopted the Magistrate's Decision. The trial court, in its Judgment Entry, stated, in relevant part, as follows:

{¶7} "Civil Rule 53(D)(3)(b)(ii) states that 'an objection to a Magistrate's Decision shall be specific and state with particularly all grounds for the objection'. If the Plaintiff has done so, the Court is not able to identify the specific objection within the pleading filed. In addition, if the objection is to a factual finding, the objection must be

supported by a transcript of evidence relative to the finding and, although the Plaintiff indicated in his previous pleading that he had transcripts, no transcript was provided to support this objection nor did he reference any particular testimony to support the finding that the Magistrate had made an improper finding of fact.

{¶8}    "Interpreting Plaintiff's pleading in a way most favorable to him, the Court finds that the pleading filed May 13, 2013 is an objection to the Magistrate's Decision of May 1, 2013.  The Court further finds that the Plaintiff has failed to be specific and state with particularity the grounds for his objection and to provide any transcript to support claims of factual errors by the Magistrate.  Accordingly, Plaintiff's objection is overruled and the Court hereby approves and adopts the Magistrate's Decision of May 1, 2013 as the final order of the Court."

{¶9}    Appellant filed an appeal, but did not list any assignments of error as required by App.R. 16(A)(3).  Appellant appears to be arguing that the trial court erred in not continuing the hearing when appellant did not have appropriate discovery.

{¶10}    The grant or denial of a continuance rests in the trial court's sound discretion. *State v. Unger*, 67 Ohio St.2d 65, 423 N.E.2d 1078 (1981). In order to find an abuse of that discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983).

{¶11}    As is stated above, appellant filed his Motion for Contempt on November 14, 2012 but did not file a Motion for Discovery until March 7, 2013, approximately three weeks before the scheduled hearing.  Appellee, on March 22, 2013, filed a witness list.

Three days later, appellant filed a motion for a continuance of the March 29, 2013 hearing.

{¶12} There is no evidence in the record that appellant had served written discovery requests on appellee. Nor is there evidence that appellant had filed a motion to compel prior to the hearing. Moreover, as noted by appellee, "if discovery had not been provided, Appellant could have dismissed his motion and refilled (sic) it a later time; he was not forced to go to trial. The Magistrate did not abuse his discretion in denying a continuance given that it was not timely requested." We find that the trial court's decision to proceed with the hearing was not arbitrary, unconscionable or unreasonable.

{¶13} Appellant's assignment of error is, therefore, overruled.

{¶14} The judgment of the Muskingum County Court of Common Pleas, Domestic Relations Division is affirmed.

By: Baldwin, J.

Hoffman, P.J. and

Delaney, J. concur.

_____
HON. CRAIG R. BALDWIN

_____
HON. WILLIAM B. HOFFMAN

_____
HON. PATRICIA A. DELANEY

CRB/dr

[Cite as *Balsley v. Ward*, 2013-Ohio-4618.]

IN THE COURT OF APPEALS FOR MUSKINGUM COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| CHRISTOPHER M. BALSLEY | : | |
| Plaintiff - Appellant | : | |
| -vs- | : | JUDGMENT ENTRY |
| YVONNE W. E. WARD | : | |
| Defendant - Appellee | : | CASE NO. CT2013-0025 |

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Muskingum County, Ohio, Domestic Relations Division, is affirmed. Costs assessed to appellant.


_____
HON. CRAIG R. BALDWIN


_____
HON. WILLIAM B. HOFFMAN


_____
HON. PATRICIA A. DELANEY